IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHAD BEVAN,

                Plaintiff,                OPINION AND ORDER

   v.

                                          19-cv-615-wmc

SARAH RUSTAD,

                Defendant.

*Pro se* plaintiff Chad Alan Bevan, a former patient at the Mendota Mental Health Institute ("Mendota"), filed this civil action under 42 U.S.C. § 1983, challenging defendant Dr. Sarah Rustad's decision related to his medications in July 2019. Having reviewed Bevan's complaint for purposes of screening under 28 U.S.C. § 1915(e)(2), however, the court concludes Bevan will be required to amend his complaint that corrects the deficiencies described in this order if he wants to proceed with this lawsuit.

OPINION

Plaintiff Chad Bevan is currently incarcerated at Dodge Correctional Institution, but the events related to his claim in this lawsuit occurred when he was a patient at Mendota. Bevan alleges that on July 16, 2019, Dr. Rustad refused to change his medication even though he told her that they were not working, and plaintiff claims that he suffered from thoughts of self-harm as a result.[1] The court will infer that, as of July

---

[1] Since plaintiff is proceeding *pro se*, the court construes the allegations in plaintiff's complaint generously, drawing reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2019, plaintiff was involuntarily civilly committed, a fact which is material to the source of his rights. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009) ("The scope of an individual's right to be free from punishment -- and, derivatively, the basis for an excessive force action brought under § 1983 -- hinges on his status within the criminal justice system."). As a civilly committed detainee, plaintiff's claims arise under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). Civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982).

However, the court must dismiss his complaint since it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A state actor violates the Fourteenth Amendment if that individual's actions are "objectively unreasonable." *See Miranda v. County of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018) (applying the standard from *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015), related to excessive force claims brought by civil detainees, to medical care claims for detained individuals). To state a claim that a state actor violated a person's Fourteenth

Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the state actor's response to it was objectively unreasonable. *Miranda*, 900 F.3d at 352-53. A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment. *Id.*

Plaintiff's complaint contains too few allegations to determine whether he has stated a claim under the Fourteenth Amendment. First, plaintiff has not described the nature of his mental health needs. For example, he has not alleged what his mental health diagnosis is, nor has he provided details about how the medications he was prescribed at that time were not adequately addressing his mental health condition. As such, the court cannot reasonably infer that plaintiff was suffering from an objectively serious mental health medical condition that actually required a change in medication. Second, plaintiff has not provided any details about his July 16, 2019, interaction with Rustad beyond his assertion that he told her the medication was not working. While plaintiff alleges that he subsequently has suffered from thoughts of self-harm, he has not alleged that he told Rustad that he was having those thoughts. It follows that it would be unreasonable to infer that Rustad's decision to take him off the medication was objectively unreasonable.

Therefore, if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that provides additional allegations related to his mental health condition and what symptoms he is suffering from that lead him to believe his medications are not working, what exactly he reported to Rustad when he asked her to change his medication, and more details about the negative ramifications of Rustad's refusal to change

3

his prescription.

Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff Chad Bevan's complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **March 10, 2020, to submit an amended complaint that satisfies the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 18th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge