IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD BEVAN,

                Plaintiff,                              OPINION AND ORDER

v.

                                                       19-cv-615-wmc

SARAH RUSTAD,

                Defendant.

---

*Pro se* plaintiff Chad Alan Bevan, a former patient at the Mendota Mental Health Institute ("Mendota"), filed this civil action under 42 U.S.C. § 1983, challenging defendant Dr. Sarah Rustad's decision related to his medications in July 2019. The court previously explained that Bevan's allegations did not appear to support a claim for relief, but gave Bevan the opportunity to amend his complaint to provide more details about what symptoms he reported to Rustad and exactly how she responded to his complaints. Bevan timely filed an amended complaint (dkt. #15), which the court has screened as required by 28 U.S.C. § 1915(e)(2). Unfortunately, even construing Bevan's allegations generously and in his favor, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Bevan's allegations do not support a reasonable inference that Rustad violated his constitutional rights. Accordingly, the court is dismissing this case for failure to state a claim upon which relief can be granted.

OPINION

Plaintiff Chad Bevan is currently incarcerated at Dodge Correctional Institution, but the events related to his claim in this lawsuit occurred when he was a patient at Mendota, where defendant Dr. Sarah Rustad was working as a psychiatrist.

Bevan alleges that on July 16, 2019, he reported to Dr. Rustad that the medication he was taking to address his auditory hallucinations, olanzapine, was not working for him. Bevan also alleges that he informed Dr. Rustad that this medication had caused him to gain 20 pounds, and that he still heard voices and had thoughts of self-harm. Bevan alleges that Dr. Rustad refused to change his medication.

The court will infer that, as of July 2019, plaintiff was involuntarily civilly committed, a fact which is material to the source of his rights. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009) ("The scope of an individual's right to be free from punishment -- and, derivatively, the basis for an excessive force action brought under § 1983 -- hinges on his status within the criminal justice system."). As a civilly-committed detainee, plaintiff's claims arise under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). Civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)).

A state actor violates the Fourteenth Amendment if that individual's actions are "objectively unreasonable." *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018) (applying the standard from *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015), to medical care claims for detained individuals). To state a claim that a state actor violated a person's Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the state actor's response to it was purposeful and objectively unreasonable. *Miranda*, 900

2

F.3d at 352-53. A showing of negligence or even gross negligence is not sufficient Fourteenth Amendment. *Id.*

As an initial matter, it is reasonable to infer both that (1) plaintiff suffers from an objectively serious medical need, since he alleges that he suffers from auditory hallucinations and thoughts of self-harm, for which he is medicated, and (2) Dr. Rustad was aware of plaintiff's condition. However, plaintiff's allegations do not suggest that Dr. Rustad's alleged failure to cancel or change his medication was an objectively unreasonable response to his condition. For one, plaintiff has not alleged that Dr. Rustad would have reason to believe that the medication was dangerous or ineffective as of July 16, 2019. For example, plaintiff has not alleged that he told Dr. Rustad that he had been taking that medication for a long enough time to adjust to any side effects, or that he had taken other medications in the past that worked better, both of which would be relevant to whether Dr. Rustad would be obliged to make a change to that medication that day.

In fairness, the failure to modify a medication after *repeated* reports that a medication is not working may suggest a response is objectively unreasonable. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (physician who "doggedly persisted in a course of treatment known to be ineffective" could support an Eighth Amendment violation). However, plaintiff has not alleged that he had complained to Dr. Rustad even more than once that the olanzapine was not working, or that he met with Dr. Rustad for a second time and she ignored his repeated complaints about the inefficacy and side-effects of the medication. As such, plaintiff's allegations still do not suggest that Dr. Rustad's failure to change his medication was objectively unreasonable. And finally, beyond alleging that he

3

is now afraid to eat or take medications, he has not alleged that there was any other fallout from Dr. Rustad's decision, nor has he alleged that any other psychiatrist or health care professional has criticized Dr. Rustad's failure to modify his prescription. In sum, since plaintiff's allegations do not support a constitutional claim against Dr. Rustad, this lawsuit will be dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff Chad Bevan is DENIED leave to proceed on any claim in this lawsuit, and this case is DISMISSED for failure to state a claim upon which relief can be granted.

2) Plaintiff's motion for assistance in recruiting counsel (dkt. #19) is DENIED as moot.

Entered this 16th day of December, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge